# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

In re Howard                                    )
                                                )
Application No. 11/209,266                      )          Appeal No. 2014-
_____               )


## NOTICE FORWARDING CERTIFIED LIST

A Notice of Appeal to the United States Court of Appeals for the Federal

Circuit was timely filed on October 21, 2013 in the United States Patent and

Trademark Office in connection with the above-identified proceeding.  Pursuant to

35 U.S.C. § 143 and Federal Circuit Rule 17(b)(1), a Certified List is this day

being forwarded to the Federal Circuit.

Frances M. Lynch and Jeremiah S. Helm are the attorneys representing the

Director in this appeal.  Appellant must contact Ms. Lynch or Mr. Helm at 571-

272-9035 to arrange for designating the record pursuant to Federal Circuit Rule 30.

Respectfully submitted,

Margaret A. Focarino
Acting Director of the United States
Patent and Trademark Office

Date: December 2, 2013          By: _Laura J. Peterson_

Laura J. Peterson
Paralegal Specialist
Office of the Solicitor
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313-1450
571-272-9035

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 2nd day of December, 2013, a

true and correct copy of the foregoing Notice Forwarding Certified List has been

served by first class mail, postage prepaid, on counsel for Appellant as follows:

> Robert R. Axenfeld
> OFFIT KURMAN, P.A.
> 1801 Market Street
> Suite 2300
> Philadelphia, PA  19103

Laura J. Peterson
Paralegal Specialist
Office of the Solicitor
U.S. Patent and Trademark Office

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: | Examiner: QUINN, RICHALE LEE |
| Maureen A. Howard | Group Art Unit: 3765 |
| Serial No. 11/209,266 | Confirmation No.: 2416 |
| Filed: 08-23-2005 | Atty. Docket No.: 02190007.00005 |
| For: **Infant Sleep Suit** | |

## Notice of Appeal to the
## United States Court of Appeals for the Federal Circuit RECEIVED

Mail Stop 8
Director of the U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

'' '' '' 2013

United States Court of Appeals
For The Federal Circuit

Dear Sir:

**1. Notice.** Under 35 U.S.C. §§ 141 and 142, Appellant hereby appeals the September 18, 2013 decision of the Patent Trial and Appeal Board in the above-captioned application, affirming the Examiner's rejection of the appealed claims.

**2. Designation of Appellant(s).** The appellant in this appeal is Maureen A. Howard, Robert C. Howard, and Baby Merlin Company (Assignee/Owner) of the above-captioned application.

**3. Copy of Decision Appeal.** A copy of the Board's decision is attached.

**4. Copies Transmitted to Clerk of the Federal Circuit.** Simultaneously herewith, three copies of this Notice of Appeal, and the fee of $450 prescribed under Federal Circuit Rule 52 are being transmitted to the Clerk of the Federal Circuit in accordance with Federal Circuit Rule 15.

The Commissioner is authorized to charge any deficiency of fees and credit any overpayments to Deposit Account Number 50-3741.

Respectfully Submitted,
**Offit Kurman, P.A.**

Dated: October 21, 2013

Robert R. Axenfeld
Registration No. 37,276

1801 Market Street, Suite 2300
Philadelphia, PA 19103
(267) 338-1320

2

# Certificate of Service

I hereby certify that this Notice of Appeal to the U.S. Court of Appeals for the Federal Circuit is being deposited with the United States Postal Service with sufficient postage in an envelope addressed to:

1.  Mail Stop 8
    Director of the U.S. Patent and Trademark Office
    P.O. Box 1450
    Alexandria, VA 22313-1450
    [including a copy of the decision from the Board]

2.  Copy to the:

    Clerk of Court
    United States Court of Appeals for the Federal Circuit
    717 Madison Place, NW
    Washington, D.C. 20439
    [including three copies of the Notice of Appeal (with decision from the Board), and fee of $450]

Respectfully Submitted,

Dated: October 21, 2013

Robert R. Axenfeld
Offit Kurman, P.A.
1801 Market Street, Suite 2300
Philadelphia, PA 19103
(267) 338-1320

Form PTO 55 (12-80)

## U.S. DEPARTMENT OF COMMERCE
### United States Patent and Trademark Office

December 2, 2013

**THIS IS TO CERTIFY** that the attached document is a list of the contents of the electronic file of the Patent Application identified below; said contents comprising the record before the United States Patent and Trademark Office for the matter of:

| | |
|---|---|
| **Applicant(s):** | **Maureen A. Howard** |
| **Application No.:** | **11/209,266** |
| **Filed:** | **August 23, 2005** |
| **Title of Invention:** | **Infant Sleep Suit** |

By authority of the
DIRECTOR OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE



*Laura J. Peterson*

*Certifying Officer*

# Prosecution History for Application No. 11/209,266

| Date | Description |
|------|-------------|
| 08-23-2005 | Transmittal of New Application |
| 08-23-2005 | Specification |
| 08-23-2005 | Claims |
| 08-23-2005 | Abstract |
| 08-23-2005 | Drawings |
| 08-23-2005 | Declaration |
| 08-23-2005 | Fee Worksheet |
| 08-23-2005 | Application Data Sheet |
| 08-23-2005 | Information Disclosure Statement (IDS) |
| 10-26-2005 | Request for Corrected Filing Receipt |
| 11-27-2006 | Examiner's Search Strategy and Results |
| 11-29-2006 | Non-Final Office Action |
| 11-29-2006 | List of References Cited by Applicant and Considered by Examiner |
| 11-29-2006 | List of References Cited by Examiner |
| 11-29-2006 | Index of Claims |
| 11-29-2006 | Search Information Including Classification, Databases and Other Search Related Notes |
| 03-05-2007 | Amendment After Non-Final Office Action |
| 03-05-2007 | Claims |
| 03-05-2007 | Fee Worksheet |
| 07-18-2008 | Final Office Action |
| 07-18-2008 | List of References Cited by Examiner |
| 07-18-2008 | Index of Claims |
| 07-18-2008 | Search Information Including Classification, Databases and Other Search Related Notes |
| 08-26-2008 | Examiner Interview Summary Record |
| 10-14-2008 | Request for Continued Examination (RCE) |
| 10-14-2008 | Amendment Submitted With Filing of RCE |
| 10-14-2008 | Declaration |
| 10-14-2008 | Fee Worksheet |
| 10-14-2008 | Claims |

| | |
|---|---|
| 10-14-2008 | Fee Worksheet |
| 04-27-2009 | Transmittal Letter |
| 04-27-2009 | Supplemental Declaration |
| 04-27-2009 | Appendix to the Specification |
| 05-21-2009 | Final Office Action |
| 05-21-2009 | Examiner's Search Strategy and Results |
| 05-21-2009 | Index of Claims |
| 05-21-2009 | Search Information Including Classification, Databases and Other Search Related Notes |
| 08-13-2009 | Transmittal Letter |
| 08-13-2009 | Notice of Appeal |
| 08-13-2009 | Fee Worksheet |
| 10-13-2009 | Transmittal Letter |
| 10-13-2009 | Appeal Brief |
| 10-13-2009 | Fee Worksheet |
| 02-02-2010 | Examiner's Answer |
| 03-31-2010 | Transmittal Letter |
| 03-31-2010 | Reply Brief |
| 03-31-2010 | Fee Worksheet |
| 04-21-2010 | Reply Brief Noted |
| 05-04-2010 | Appeal Docketing Notice |
| 05-10-2010 | Order Remanding Appeal to Examiner |
| 05-24-2010 | Transmittal Letter |
| 05-24-2010 | Power of Attorney |
| 05-24-2010 | Non-Final Office Action |
| 05-24-2010 | List of References Cited by Examiner |
| 05-24-2010 | Examiner's Search Strategy and Results |
| 05-24-2010 | Index of Claims |
| 05-24-2010 | Search Information Including Classification, Databases and Other Search Related Notes |
| 07-28-2010 | Transmittal Letter |
| 07-28-2010 | Notice of Appeal |
| 07-28-2010 | Appeal Brief |
| 07-30-2010 | Transmittal Letter |
| 07-30-2010 | Notice of Appeal |

| | |
|---|---|
| 08-11-2010 | Notice of Defective Appeal Brief |
| 08-13-2010 | Communication Regarding Power of Attorney |
| 08-13-2010 | Communication  Regarding Power of Attorney |
| 08-30-2010 | Transmittal Letter |
| 08-30-2010 | Amended Appeal Brief |
| 11-24-2010 | Examiner's Answer |
| 12-15-2010 | Power of Attorney |
| 12-15-2010 | Assignee Showing of Ownership per 37 CFR 3.73. |
| 12-28-2010 | Communication Regarding Power of Attorney |
| 12-28-2010 | Communication Regarding Power of Attorney |
| 01-24-2011 | Request for Oral Hearing |
| 01-24-2011 | Fee Worksheet |
| 01-24-2011 | Reply Brief |
| 05-26-2011 | Reply Brief Noted |
| 07-01-2011 | Appeal Docketing Notice |
| 03-09-2012 | Power of Attorney |
| 03-19-2012 | Communication Regarding Power of Attorney |
| 03-19-2012 | Communication Regarding Power of Attorney |
| 07-11-2013 | Notification of Appeal Hearing |
| 07-17-2013 | Confirmation of Hearing by Appellant |
| 09-18-2013 | PTAB Decision - Affirmed |
| 10-21-2013 | Appeal to U.S. Court of Appeals for the Federal Circuit |

U̲NITED S̲TATES P̲ATENT AND T̲RADEMARK O̲FFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/209,266 | 08/23/2005 | Maureen A. Howard | 02190007.00005 | 2416 |

103199          7590          09/18/2013

OFFIT KURMAN
TEN PENN CENTER
1801 MARKET STREET, SUITE 2300
PHILADELPHIA, PA 19103

| EXAMINER |
|---|
| QUINN, RICHALE LEE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3765 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 09/18/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

*Ex parte* MAUREEN A. HOWARD and
ROBERT C. HOWARD
_____

Appeal 2011-010482
Application 11/209,266
Technology Center 3700
_____

Before BIBHU R. MOHANTY, MICHAEL W. KIM, and
JAMES A. TARTAL, *Administrative Patent Judges*.

TARTAL, *Administrative Patent Judge*.

DECISION ON APPEAL

Appeal 2011-010482
Application 11/209,266

# STATEMENT OF THE CASE[1]

Appellants seek our review under 35 U.S.C. § 134 of the Examiner's final decision rejecting claims 24-27 and 29-36. We have jurisdiction over the appeal pursuant to 35 U.S.C. § 6(b). An oral hearing was held on September 12, 2013.

We AFFIRM.

Appellants' claimed invention relates to sleepwear for infants. Spec. 2.

Claim 24, reproduced below, is illustrative of the subject matter on appeal:

> 24. Sleepwear for an infant beyond the age of swaddling, the sleepwear comprising:
>
> a suit having an anterior portion and posterior portion configured to fit over the front and back, respectively, of the infant's body, the suit includes sleeves and leggings, wherein the sleeves and leggings have no coverings for hands and feet of the infant, respectively, to expose the hands and feet for purposes of ventilation and heat dissipation;
>
> the suit further includes at least first, second, and third layers of material, wherein the first layer of material is an inner most layer of material closest to an infant's body, the third layer of material is an environmental layer, and the second layer of material is located between the first layer of material and the third layer of material on at least the anterior portion of the suit and at least corresponding to the shoulder area of the infant; and
>
> wherein the second layer comprises a layer of material configured to provide weighted pressure to at least one

---

[1] Our decision will make reference to Appellants' Appeal Brief ("App. Br.," filed Aug. 30, 2010) and Reply Brief ("Reply Br.," filed Jan. 24, 2011), and the Examiner's Answer ("Ans.," mailed Nov. 24, 2010).

2

Appeal 2011-010482
Application 11/209,266

proprioceptive target point of an infant's body to reduce neurological reflexive twitching or habitual waking patterns of an infant, thereby improving the quality and duration of sleep of the infant when sleeping in a supine position.

The Examiner relies upon the following evidence:

| Owen | US 3,555,567 | Jan. 19, 1971 |
| Ruefer | US 5,722,094 | Mar. 3, 1998 |
| Smith | US 6,415,442 B1 | Jul. 9, 2002 |
| Symms | US 6,272,683 B1 | Aug. 14, 2001 |

Claims 24-27, 29-31, and 33-36 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Owen and Ruefer.

Claim 32 stands rejected under 35 U.S.C. § 103(a) as being unpatentable over Owen, Ruefer, and Symms.

Claims 24-27, 29-33, 35, and 36 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Ruefer and Smith.

FINDINGS OF FACT

We find that the findings of fact which appear in the Analysis below are supported by at least a preponderance of the evidence. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988) (explaining the general evidentiary standard for proceedings before the Office).

Appeal 2011-010482
Application 11/209,266

# ANALYSIS

*Obviousness based on Owen and Ruefer*

*Claims 24-27, 29-31, and 33-36*

Appellants argue claims 24-27, 29-31, and 33-36 as a group (App. Br. 14-19, Reply Br. 1-11). We select claim 24 as the representative claim for this group, and the remaining claims 25-27, 29-31, and 33-36 each stand or fall with claim 24. 37 C.F.R. § 41.37(c)(1)(vii).

Appellants argue that the Examiner failed to establish a prima facie case of obviousness, because the Examiner's rationale was conclusory and "fails to state why one of ordinary skill in the art would modify a snowsuit and a swaddling apparatus to arrive at sleepwear for an infant beyond the age of swaddling configured with a weighted layer to provide proprioceptive targeting to the infant." *See* App. Br. 15. Appellants also argue that Owen's child's garment and Ruefer's infant swaddling apparatus are "of such divergent scope from sleepwear that motivation is lacking" for the asserted combination. *See* App. Br. 16-17. Appellants make a related argument with respect to the preamble, and assert that "sleepwear for an infant beyond the age of swaddling" is an important claim limitation. App. Br. 17.

We construe the preamble phrase "sleepwear for an infant beyond the age of swaddling" to be merely a field of use phrase not incorporated into the remainder of the claim so as to breathe life and breath into the phrase. Field of use recitations are typically found in the preamble of claims, and the weight given them largely depends on how the recitation is subsequently used in the body of the claim. *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1305, 1306 (Fed. Cir. 1999). In other words, "if the preamble merely state[s] a purpose or intended use and the remainder of the

4

Appeal 2011-010482
Application 11/209,266

claim completely defines the invention independent of the preamble," it does
not constitute a limitation. *Lipscomb's Walker on Patents*, *3rd Edition*, *Vol.
3*, § 11.11 at p. 361 (*citing Marston v. J.C. Penney Co.*, 353 F.2d 976, 986
(4th Cir. 1965)); *see also, Rowe v. Dror*, 112 F.3d 473, 478 (Fed. Cir. 1997);
*Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.*, 868 F.2d 1251, 1257
(Fed. Cir. 1989). Here the remainder of the claim completely defines the
invention by setting forth structural limitations independent of the preamble
language. Moreover, it is well established that "[a]n intended use or purpose
usually will not limit the scope of the claim because such statements usually
do no more than define a context in which the invention operates."
*Boehringer Ingelheim Vetmedica v. Schering-Plough Corp.*, 320 F.3d 1339,
1345, (Fed. Cir. 2003). Here, we conclude that identifying the claimed
apparatus as being "sleepwear for an infant beyond the age of swaddling"
does no more than define the context in which the invention operates.

It also is irrelevant whether the prior art was intended to provide
proprioceptive targeting to the infant, so long as the prior art discloses a
weighted layer, as Appellants claimed. The Examiner need not explain why
the prior art references would be combined to meet Appellants' objectives,
but instead only must articulate reasoning with some rational underpinning
to combine known elements from Owen and Ruefer. *See KSR Int'l Co. v.
Teleflex, Inc.*, 550 U.S. 398, 418 (2007). We see no error in the Examiner's
determination that it would have been obvious to one of ordinary skill in the
art at the time of the invention to modify the garment of Owen with the three
layer material of Ruefer in order to provide a warm, insulating garment.

Appellants also argue that Owen's child's garment is incompatible
with Ruefer's infant swaddling apparatus, because Reufer teaches a

5

Appeal 2011-010482
Application 11/209,266

swaddling apparatus that immobilizes an infant's arms and legs.  App. Br.
15.  However, nonobviousness cannot be established by attacking the
references individually when the rejection is predicated upon a combination
of prior art disclosures. *See In re Merck & Co., Inc.*, 800 F.2d 1091, 1097
(Fed. Cir. 1986).  The Examiner relies on Reufer for its disclosure of a three-
layered material.  Appellants have not addressed the combination of prior art
references as a whole but simply improperly argue the individual merits of
Owen and Reufer.  *See In re Keller*, 642 F.2d 413, 425 (CCPA 1981) ("The
test for obviousness is not . . . that the claimed invention must be expressly
suggested in any one or all of the references.  Rather, the test is what the
combined teachings of the references would have suggested to those of
ordinary skill in the art.").  Appellants cannot overcome the Examiner's
obviousness determination by asserting that Reufer discloses elements, such
as wrap features, which Appellants have not claimed, and which the
Examiner has not relied upon.

   Appellants' argument that the references teach away from Applicant's
claimed invention is not persuasive.  *See* App. Br. 16.  We also disagree with
Appellants' related argument that the asserted combination "renders the
references entirely useless for their intended functions."  *See* App. Br. 17.
Appellants have not convincingly shown that the prior art reference
criticizes, discredits, or otherwise discourages the solution claimed in the
application. *See In re Fulton*, 391 F.3d 1195, 1201 (Fed. Cir. 2004). ("The
prior art's mere disclosure of more than one alternative does not constitute a
teaching away from any of these alternatives because such disclosure does
not criticize, discredit, or otherwise discourage the solution claimed in the ...
application.").  Appellants offer no explanation of how utilizing the triple

Appeal 2011-010482
Application 11/209,266

layer material of Reufer with the child's garment of Owens would render Owen's garment useless.

In the Reply Brief, Appellants argue that the references fail to disclose a "scooped neckline," as claimed, and "failed to suggest the problem, or conceive of an idea for its elimination," purportedly demonstrating that the asserted combination relies on impermissible hindsight. *See Reply Br.* 1-4, 7-8. However, in light of the fact that the Specification provides no explicit definition of "scooped neckline," we agree with the Examiner that Ruefer Figure 8 depicts a scooped neckline. We also find that while Appellants assert various benefits of the claimed invention, Appellants have not offered evidence, such as experimental data, to support the assertion that the claimed invention solves any problem.

We also do not agree that the Examiner's rejection is an improper hindsight reconstruction, as it does not include knowledge gleaned only from the Appellants' disclosure, but rather takes into account the teachings of Owens and Ruefer; i.e., knowledge which was within the level of ordinary skill at the time the claimed invention was made. *See In re McLaughlin*, 443 F.2d 1392, 1395 (CCPA 1971) ("Any judgment on obviousness is in a sense necessarily a reconstruction based on hindsight reasoning, but so long as it takes into account only knowledge which was within the level of ordinary skill in the art at the time the claimed invention was made and does not include knowledge gleaned only from applicant's disclosure, such a reconstruction is proper."). Specifically, the Examiner explicitly cited column 4, lines 25-35 of Ruefer (Ans. 5) in determining that it would have been obvious to one of ordinary skill in the art at the time of the invention to

Appeal 2011-010482
Application 11/209,266

modify the garment of Owen with the three layer material of Ruefer in order to provide a warm, insulating garment.

We conclude that Appellants have not overcome the Examiner's rejection of claims 24-27, 29-31, and 33-36 under 35 U.S.C. § 103(a) as being unpatentable over Owen and Ruefer.

*Obviousness based on Owen, Ruefer, and Symms*

*Claim 32*

We also sustain the Examiner's obviousness rejection of claim 32 over Owen, Ruefer, and Symms. Appellants have not particularly pointed out errors in the Examiner's reasoning regarding the additional teachings of Symms, but merely reiterate the same arguments that are set forth in relation to claim 24. App. Br. 19. Accordingly, we conclude that Appellants have not overcome the Examiner's rejection of claim 32 under 35 U.S.C. § 103(a) as being unpatentable over Owen, Ruefer, and Symms for the same reasons discussed above with respect to claim 24.

*Obviousness based on Ruefer and Smith*

*Claims 24-27, 29-33, 35, and 36*

We agree with Appellants that the Examiner failed to articulate reasoning with some rational underpinning to combine known elements from Ruefer and Smith. In particular, the Examiner found that it would be obvious to modify Ruefer, which lacks a suit with sleeves and leggings, with the sleeves and leggings of Smith to "provide flexibility with regard to different conditions of temperature and so as to not confine the arms and legs of an infant." Ans. 7. We find that the Examiner has not articulated a sufficient rational reasoning, because Ruefer is directed to an apparatus that

8

Appeal 2011-010482
Application 11/209,266

confines an infant's arms and legs specifically for the benefits such confinement provides. For example, Ruefer (col. 3, ll. 37-45) states that because the pocket formed is "closed on the sides and bottom, it is easy to fit the apparatus over an infant, even when the infant is in a fetal position." Accordingly, we conclude that Appellants have overcome the Examiner's rejection of claims 24-27, 29-33, 35, and 36 under 35 U.S.C. § 103(a) as being unpatentable over Ruefer and Smith.

*Secondary Considerations*

We recognize that evidence of secondary considerations, such as that presented by Appellants, must be considered en route to a determination of obviousness or non-obviousness under 35 U.S.C. § 103. Accordingly, we consider anew the issue of obviousness under 35 U.S.C. § 103, carefully evaluating and weighing the evidence relied upon by the Examiner, any other evidence of obviousness, and the objective evidence of Nonobviousness provided by Appellants. *See In re Eli Lily & Co.*, 902 F.2d 943, 945 (Fed. Cir. 1990) (holding that "[a]fter a prima facie case of obviousness has been made and rebuttal evidence submitted, all the evidence must be considered anew.")

Contrary to Appellants assertion, the Examiner did not refuse to consider evidence provided by Appellants of secondary considerations. See Ans. 10-11. Appellants provided two declarations from inventor Maureen Howard. *See* App. Br. Exhibits C and D. The declarations indicate sales of the commercial sleepsuit claimed doubled, or more, month-over month between December 2008 and February 2009, but provides no actual sales figures. The declarations also assert that the sleepsuit achieves unexpected

9

Appeal 2011-010482
Application 11/209,266

results and lists statements attributed to purchasers of the sleepsuit proclaiming its benefits. Beyond the inventor's statement, however, no additional evidence was provided in support of the claim that the sleepsuit reduce Moro reflexes or soothes an infant's neurological system. Moreover, we agree with the Examiner that Appellants failed to establish any nexus between the claimed features of the invention and the purported commercial success, long felt need in the art, or unexpected results.

In order to be commensurate in scope with the claims, the commercial success must be due to claimed features, and not due to unclaimed features. Appellants must offer proof "that the sales were a direct result of the unique characteristics of the claimed invention — as opposed to other economic and commercial factors unrelated to the quality of the patented subject matter." *In re Huang*, 100 F.3d at 140 (Fed. Cir. 1996); *see also In re GPAC, Inc.*, 57 F.3d 1573, 1580 (Fed. Cir. 1995) ("For objective evidence to be accorded substantial weight, its proponent must establish a nexus between the evidence and the merits of the claimed invention."). An inventor's opinion as to the purchaser's reason for buying the product is insufficient to demonstrate a nexus between the sales and the claimed invention. *See In re Huang*, 100 F.3d at 140 (Fed. Cir. 1996). Thus, we find that after reviewing all of the evidence before us, it is our conclusion that, on balance, the evidence of non-obviousness fails to outweigh the evidence of obviousness and, accordingly, the subject matter of independent claims 24, 29, and 35 would have been obvious to one of ordinary skill in the art, within the meaning of 35 U.S.C. § 103, at the time Appellants' invention was made.

Appeal 2011-010482
Application 11/209,266

## DECISION

We AFFIRM the decision of the Examiner to reject claims 24-27 and 29-36.

No time period for taking any subsequent action in connection with this appeal may be extended under 37 C.F.R. § 1.136(a).  *See* 37 C.F.R. § 1.136(a)(1)(iv).

<u>AFFIRMED</u>

mp

RECEIPT FOR PAYMENT

# United States Court of Appeals
# For The Federal Circuit

OFFICE OF THE CLERK

Received
From ___Offit Kurman Att. at law___
(NAME)

_____
(ADDRESS)

(CASE NO.) ___ In Re Howard ___   11/4/13
(SHORT TITLE)          (DATE)

| ACCOUNT | AMOUNT | |
|---|---|---|
| Clerk's Fee for docketing case *PTO* | 450 | 00 |
| Certificate of membership | | |
| Certified copy of | | |
| | | |
| | | |
| Copy of opinion | | |
| Copy of documents | | |
| Reimbursement fees | | |
| | | |
| Deputy Clerk _Scott_ | TOTAL | 450 | 00 |

Credit Card ☐   Cash ☐   Check ☐   MONEY ORDER ☐

## 059057